UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA BUELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:22-CV-14-HAB |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

**OPINION AND ORDER**

Now there's something you don't see every day. Plaintiff filed this Fair Credit Reporting Act (the "Act") case in the Dekalb County, Indiana, Superior Court. After Defendants removed the case to this Court, Plaintiff moved to remand. (ECF No. 14). Plaintiff argues, adamantly, that she has not alleged a "concrete injury," depriving this Court of jurisdiction. Defendants argue, just as adamantly, that she has alleged a concrete injury. The issue is now fully briefed (ECF Nos. 17, 18–1[1]) and ripe for ruling.

**I.     The Complaint**

According to the complaint, Defendants prepared a credit report showing that Plaintiff owed money to Ford Motor Company. Plaintiff had no such debt. Plaintiff disputed the debt to Defendants several times, but those disputes were ignored. Plaintiff alleges that Defendants "reported the inaccurate information for more than a year." (ECF No. 4 at 5).

---

[1] The parties also fully briefed Plaintiff's request to file a reply brief. (ECF Nos. 18–20). The Court does not endorse late filing (if, in fact, the reply was late), but it also does not endorse objections for the sake of objecting. The Court has read, and will consider, Plaintiff's reply.

**II.     Legal Discussion**

Article III of the Constitution limits the "judicial Power of the United States" to "Cases" and "Controversies." From this text comes the standing doctrine, which "confines the federal courts to a proper judicial role" and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016). The "irreducible constitutional minimum of standing" requires the plaintiff, or party invoking federal jurisdiction, to demonstrate that the plaintiff has suffered an injury in fact that is fairly traceable to the defendant's conduct and redressable by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The responsible party "must establish standing at the time suit is filed and cannot manufacture standing afterwards." *Pollack v. U.S. Dep't of Just.*, 577 F.3d 736, 742 n.2 (7th Cir. 2009). The Article III standing inquiry "remains open to review at all stages of the litigation." *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994).

Like most cases brought for violation of the Act, standing in this case turns on the "foremost" requirement—injury in fact. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To establish injury in fact, Plaintiff must allege a "concrete and particularized" injury. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way," *Lujan*, 504 U.S. at 560 n.1, and it is concrete if it is "real, and not abstract." *Spokeo*, 578 U.S. at 340 (internal quotation marks omitted). But a concrete injury need not be tangible; a risk of real harm can constitute concrete harm. *See id*. at 1549. For a statutory violation, a plaintiff does not automatically satisfy concreteness "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. That is because "a bare procedural violation, divorced

2

from any concrete harm" cannot satisfy the injury-in-fact requirement. *Id*. What matters for the standing analysis are the facts alleged in the operative complaint. *Pennell v. Global Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017).

As both sides note, the United States Supreme Court addressed Article III standing in the context of the Act in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021). There, the line drawn between concrete injury and not was dissemination. Those whose inaccurate credit reports were disseminated to third parties suffered concrete injury; those whose inaccurate credit reports were not disseminated to third parties did not. *Id*. at 2208–13.

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to demonstrate standing. *Lujan*, 504 U.S. at 561. That is the case here. The last allegation in the complaint is that Defendants "reported the inaccurate information for more than a year." (ECF No. 4 at 5). Plaintiff does not explain this allegation in any of her briefs. If Plaintiff intended to allege only that inaccurate information existed in a non-disseminated credit file, the use of the term "reported" was an odd choice. When used as a transitive verb, "report" means "to give an account of."[2] Inherent in stating that Plaintiff's inaccurate information was "reported," then, is a party to whom the report was made. A reasonable interpretation of the complaint is that Plaintiff's inaccurate information was "reported" to a third party.

The Court finds support for this conclusion in Plaintiff's briefing. Plaintiff argues:

> Defendants created, and control, credit scoring models that would allow them to show this Court that inaccurate reporting is harmful in a way that confers Article III standing. Plaintiff does not have access to this information, and Defendants certainly will not hand it over without a fight. As it stands, a plaintiff may suspect her credit score suffered by virtue of the inaccurate reporting complained of. Plaintiff cannot independently prove the things Defendants can, so she filed her case in state court.

---

[2] https://www.merriam-webster.com/dictionary/report

(ECF No. 15 at 5). Clearly, Plaintiff believes that her information was disseminated to third parties. She just can't prove it without discovery. Put in this context, the Court has little trouble concluding that the complaint alleges dissemination when it alleges that Defendants "reported" the inaccurate information.

"Since [facts supporting standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. As this case proceeds, the evidentiary burden to demonstrate standing will evolve. But at this point, all the Court has is the complaint. Because the Court concludes that the complaint can fairly be read to allege dissemination, Article III standing exists now.

### III. Conclusion

For these reasons, Plaintiff's Motion to Leave to File Reply Brief Regarding Remand (ECF No. 18) is GRANTED. Plaintiff's Motion to Remand to State Court (ECF No. 14) is DENIED.

SO ORDERED on March 2, 2022.

          s/ *Holly A. Brady*
          JUDGE HOLLY A. BRADY
          UNITED STATES DISTRICT COURT