UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA BUELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:22-CV-14-HAB |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Early last month, this Court denied Plaintiff's motion to remand, finding that her Fair Debt Reporting Act complaint could fairly be read to allege that Defendants reported inaccurate credit information to third parties, thus satisfying the test for Article III standing announced in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021). (ECF No. 21). Plaintiff believes that the Court's interpretation of the complaint is a "manifest error of law and fact," (ECF No. 34 at 3), and has asked the Court to reconsider. (ECF No. 30). That request has now been fully briefed. (ECF Nos. 33, 34).

A Rule 59(e) motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). A motion to correct errors "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). This Court's "opinions are not intended as mere first drafts, subject to revision and

reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Fundamentally, Plaintiff's motion to reconsider faults the Court for reading her complaint. Plaintiff's complaint alleges that Defendants prepared "at least one ***credit report***" containing inaccurate information, and that the inaccurate information was "reported" for more than a year. (ECF No. 4 at 4, 5) (emphasis added). Pretty clear, or so the Court thought. But Plaintiff now asserts that:

> [e]very 'credit report' referred to in Plaintiff's State Court Complaint refers to a "consumer disclosure," which Defendants prepared and provided by the CRA Defendants to the Plaintiff at multiple times over 18 months by the Defendants.

(ECF No. 30 at 3). Thus, she asserts, there is no allegation of dissemination, and no Article III standing.

The problem with Plaintiff's argument is that her explanation, even if true, isn't in her complaint. "[I]t is axiomatic that the complaint may not be amended by the briefs." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *see also Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 845 (N.D. Ill. 2021) (noting that a plaintiff "may not supplement or amend his complaint by presenting new facts or theories in his briefing"). Instead, the Court must "examine the plaintiff['s] complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Brokaw v. Boeing Co.*, 137 F. Supp. 3d 1082, 1091 (N.D. Ill. 2015). Unless and until Plaintiff amends her complaint, she is stuck with her allegations that Defendants prepared a credit report (which she concedes are prepared "for third parties") (ECF No. 30 at 2) with inaccurate information that was reported for more than a year. The Court previously found that these allegations supported Article III standing, and nothing in Plaintiff's request for reconsideration shakes that conclusion.

For these reasons, Plaintiff's motion to reconsider (ECF No. 30) is DENIED.

SO ORDERED on April 20, 2022.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT