UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA BUELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:22-CV-14-HAB |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff believes that the Defendant credit reporting agencies ("CRAs") continue to inaccurately report that she owes a debt to Ford Motor Company. After sending dispute letters to the CRAs she filed this lawsuit. The CRAs now move for judgment on the pleadings. (ECF No. 55). That matter is fully briefed (ECF Nos. 56, 72, 74) and oral argument was held at the CRAs request (ECF No. 79). This matter is now ready for ruling.

**I.    Factual Background**

The factual allegations in the complaint are sparse, but the parties have provided some background information during briefing that provide color. Plaintiff alleges that the CRAs "prepared at least one credit report concerning [Plaintiff] indicating that she owed a balance, thousands of dollars, concerning a Ford account when no balance was owed." (ECF No. 4 at 4). In 2020 and 2021 Plaintiff sent letters to the CRAs disputing the debt. Many of those letters attached a one-page Order of Dismissal from the Dekalb County, Indiana, Superior Court in *Ford Motor Credit Company, LLC v. Angela R. McLimans*, Cause No. 17D01-1811-CC-449. That order states, in its entirety:

**ORDER OF DISMISSAL**

Comes now the Plaintiff, by counsel, and moves that the above-captioned matter be dismissed, with prejudice. And the Court having reviewed said Motion, finds it to be just and proper.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the above-captioned matter is hereby dismissed with prejudice.

Date: 6/4/19

*[signature]*
Judge, DeKalb County Superior Court 1

(ECF No. 56-4 at 4) ("Dismissal Order"). Plaintiff repeatedly asserts, both in her briefing and at oral argument, that the Dismissal Order "secured a determination resolving her liability for the debt." (ECF No. 72 at 8).

## II.     Legal Discussion

### A.     *Judgment on the Pleadings Standard*

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

"Although in evaluating a motion for judgment on the pleadings under Rule 12(c) '[a] district court may not look beyond the pleadings,' the court 'may take into consideration documents incorporated by reference to the pleadings' and 'may also take judicial notice of matters of public record.'" *Boeckman v. A.G. Edwards, Inc.*, 461 F.Supp.2d 801 (S.D. Ill. 2006) (citation omitted). A court may "take judicial notice of 'proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue.' This is true even though those proceedings were not made part of the record before the district court."

2

*United States v. Hope*, 906 F.2d 254, 260 n. 1 (7th Cir. 1990) (citations omitted). Here, both parties agree that the Court may consider Plaintiff's dispute letters in resolving the motion. There is dispute over whether the Court can consider filings in a state lawsuit filed by Plaintiff against Ford, but there is no need to consider those filings, rendering that dispute moot.

The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same. "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

**B.**  ***Plaintiff has not Shown an Inaccuracy in her Credit Report***

Plaintiff alleges that the CRAs violated § 1601e of the Fair Credit Reporting Act ("FCRA"), which requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information" in credit reports. 15 U.S.C. § 1681e(b). She also alleges that the CRAs violated § 1681i of the FCRA, which provides that if a consumer disputes the accuracy of a credit report, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). "In order to state a claim under either Section 1681e(b) or Section 1681i(a), Plaintiff must allege that: '(1) inaccurate information was included in [her] consumer credit reports; (2) the inaccuracy was due to the consumer reporting

3

agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [she] suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry.'" *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, at *3 (N.D. Ill. Aug. 19, 2016) (alterations in original) (quoting *Moline v. Experian Info. Sols., Inc.*, 289 F. Supp. 2d 956, 958 (N.D. Ill. 2003)). To proceed with her claims, Plaintiff must "prove that something in [her] credit report was inaccurate, or at least misleading, to show that the defendants' procedures were unreasonable under 15 U.S.C. § 1681e(b) or that the defendants failed to reasonably reinvestigate under 15 U.S.C. § 1681i." *Johnson v. Trans Union, LLC*, 524 F. App'x 268, 270 (7th Cir. 2013) (internal citations omitted). Without evidence of an inaccuracy, Plaintiff cannot show that the CRAs violated either section of the FCRA. *Kuehling v. Trans Union, LLC*, 137 Fed. App'x 904, 908 (7th Cir. 2005). At its core, Plaintiff's claim hinges on the idea that the Dismissal Order extinguished her debt. Plaintiff posits that "the final judgment of the Indiana court fully addresses [her] concerns and answered the only question presented by her dispute, namely whether she owed Ford Credit money for the debt that was being reported." (ECF No. 72 at 8). The problem is Plaintiff's representations about the legal effect of the Dismissal Order simply aren't true.

Debts do not disappear simply because the party owed the money can no longer file a lawsuit to collect them. *See, e.g.*, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014); *Donaldson v. LVNV Funding, LLC*, 97 F. Supp. 3d 1033, 1039 (S.D. Ind. 2015) (debt not extinguished by running of statute of limitations); *Spencer v. McCune*, 126 N.E. 30, 31 (Ind. Ct. App. 1920) (same); *Porter Mem. Hosp. v. Wozniak*, 680 N.E.2d 13, 15 (Ind. Ct. App. 1997) ("We note that discharge does not cancel the obligation; the obligation still exists. A discharge merely disables the creditor from enforcing its claim."). The Dismissal Order resolved Ford's ability to

4

recoup the debt via judicial means. But it did no more, and it is not evidence that the debt is no longer owed.

With nothing other than the Dismissal Order to support her claim that the CRAs issued an inaccurate credit report, Plaintiff has failed to show the inaccuracy that is an essential element of her claim. Plaintiff cannot prove a violation of the FCRA, and this Court has nothing else to resolve. The CRAs motion for judgment on the pleadings will be granted.

### III.   Conclusion

For these reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 55) is GRANTED. The Clerk is DIRECTED to enter judgment for Defendants and against Plaintiff.

SO ORDERED on May 23, 2023.

                                         s/ *Holly A. Brady*  
                                         JUDGE HOLLY A. BRADY  
                                         UNITED STATES DISTRICT COURT