UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA BUELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:22-CV-14-HAB |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

**OPINION AND ORDER**

Plaintiff borrowed money from Ford Motor Company and didn't pay it back. On those facts the Court found that Defendants, all credit reporting agencies ("CRAs"), did not violate the Fair Credit Reporting Act ("FCRA") by reporting a debt to Ford on Plaintiff's credit report. (ECF No. 80). The Court made this finding despite a state court order dismissing a suit by Ford against Plaintiff, presumably to collect the debt. Plaintiff disagrees with the Court's conclusion and has moved the Court to reconsider. (ECF No. 83). That motion is fully briefed (ECF Nos. 85, 85) and ready for ruling.

**I.     Factual Background**

Plaintiff alleges that the CRAs "prepared at least one credit report concerning [Plaintiff] indicating that she owed a balance, thousands of dollars, concerning a Ford account when no balance was owed." (ECF No. 4 at 4). In 2020 and 2021 Plaintiff sent letters to the CRAs disputing the debt. Many of those letters attached a one-page Order of Dismissal from the Dekalb County, Indiana, Superior Court in *Ford Motor Credit Company, LLC v. Angela R. McLimans*, Cause No. 17D01-1811-CC-449. That order states, in its entirety:

> **ORDER OF DISMISSAL**
>
> Comes now the Plaintiff, by counsel, and moves that the above-captioned matter be dismissed, with prejudice. And the Court having reviewed said Motion, finds it to be just and proper.
>
> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the above-captioned matter is hereby dismissed with prejudice.
>
> Date: 6/4/19
>
> *Kevin Wallace*
> Judge, DeKalb County Superior Court 1

(ECF No. 56-4 at 4) ("Dismissal Order"). Plaintiff repeatedly asserts that the Dismissal Order "secured a determination resolving her liability for the debt." (ECF No. 72 at 8).

## II.     Legal Discussion

### A.     *Motion to Reconsider Standard*

A Rule 59(e)[1] motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). A motion to correct errors "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). This Court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

---

[1] Plaintiff also moves under Fed. R. Civ. P. 60(d). Because Plaintiff alleges errors of law, the Court will treat the motion as one under Rule 59(e). *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 495 (7th Cir. 2011) ("An error of law is a basis for altering or amending the judgment under Rule 59(e), but it is not explicitly recognized as a basis for relief under Rule 60(b).").

2

B.    *The Seventh Circuit's* Chaitoff *Decision Controls*

Let the Court be clear from the start: it finds no error in its conclusion or analysis under the law as it existed when this Court granted judgment on the pleadings in Defendants' favor. Plaintiff argues that this Court ignored *Chuluunbat v. Experian Infor. Solutions, Inc*, 4 F.4th 562 (7th Cir. 2021), and *Denan v. TransUnion LLC*, 959 F.3d 290 (7th Cir. 2020), which Plaintiff claims "controlled the outcome in this case." (ECF No. 83 at 4). Those cases distinguish between a legal and factual inaccuracy: CRAs have no duty under the FCRA to correct the former but have a duty to correct the latter. But for the reasons set out in this Court's challenged order, Plaintiff's credit report was not "inaccurate" under then-existing law. Plaintiff took out a loan that she did not repay and reporting that fact was not inaccurate—legally or factually.

Since this Court ruled, the Seventh Circuit has changed what it means for a report to be accurate under 15 U.S.C. §§ 1681e(b) and 1681i, the sections of the FCRA under which Plaintiff sues. In *Chaitoff v. Experian Infor. Solutions, Inc*, 79 F.4th 800 (7th Cir. 2023), the Seventh Circuit reversed the entry of summary judgment for a CRA on a FCRA claim. In that case, Chaitoff fell behind on his mortgage after losing his job. He agreed to a Trial Period Plan ("TPP") with his mortgage servicer, Ocwen, under which he would make three reduced payments and his mortgage would be brought current. Those payments were in May, June, and July 2017. But under the TPP, the payments in those months would be credited against the three oldest delinquencies rather than toward those months' mortgage balance. Chaitoff successfully made the payments, and his loan was modified.

Chaitoff later sought a mortgage to buy a different home but was denied. He obtained a copy of his credit report which showed that he was delinquent on his mortgage until August 2017—when the modification under the TPP occurred. Chaitoff challenged the report, sending a copy of

3

the TPP offer letter to the CRA. The CRA confirmed the debt with Ocwen and stood by the report. Chaitoff then sued under the FCRA. The district court granted summary judgment to the CRA, reasoning that the report was not inaccurate and that, even if it were, Chaitoff's complaints addressed a legal inaccuracy.

The Seventh Circuit first addressed the accuracy of reporting Chaitoff's mortgage as delinquent in May, June, and July 2017. It quickly concluded that the report was accurate.

> Although Chaitoff may have sent Ocwen payments in each of May, June, and July 2017, those payments were applied to earlier delinquent months in accordance with the TPP's terms. Experian's reporting of those three months as delinquent was accurate beyond any doubt. The district court recognized as much, and we agree.

*Chaitoff*, 79 F.4th at 811.

Where the Seventh Circuit parted ways with the district court was whether the TPP should have been included in the credit report. Resolving an unanswered question in this Circuit, the appellate court found that "[a] credit report is inaccurate under § 1681e(b) and § 1681i(a) if it omits accurate information that could reasonably be expected to adversely affect a consumer's creditworthiness." *Id*. at 812. Because the Seventh Circuit found that the omission of the TPP affected Chaitoff's creditworthiness, and because it concluded that the TPP's existence was a factual issue, the appellate court found that the CRA was not entitled to summary judgment on whether it had conducted a reasonable investigation into Chaitoff's alleged errors. *Id*. at 822.

The Court finds *Chaitoff* to apply. Plaintiff took out a loan that she did not repay. Reporting that fact is "accurate beyond any doubt." But the Dismissal Order undeniably provides context. Its inclusion or omission may affect a lender's credit decision. And the existence of the Dismissal Order is purely factual. Under *Chaitoff*, that is enough for Plaintiff to proceed on her FCRA claim.

**III.     Conclusion**

For these reasons, Plaintiff's motion to reconsider (ECF No. 83) is GRANTED. The Clerk's entry of judgment in Defendants' favor (ECF No. 81) is VACATED.

SO ORDERED on November 13, 2023.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT