UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA BUELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:22-CV-14-HAB |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

**OPINION AND ORDER**

Defendant credit reporting agencies ("CRAs") have jointly moved (ECF No. 98) the Court to reconsider its reconsideration (ECF No. 94) of its order granting Defendant's motion for judgment on the pleadings (ECF No. 80). Defendants argue that the Seventh Circuit's decision in *Chaitoff v. Experian Info. Solutions, Inc.*, 79 F.4th 800 (7th Cir. 2023), is distinguishable and did not affect their entitlement to judgment. The motion is fully briefed (ECF Nos. 101, 104) and ready for ruling.

**I.  Factual and Procedural History**

Plaintiff alleges that the CRAs "prepared at least one credit report concerning [Plaintiff] indicating that she owed a balance, thousands of dollars, concerning a Ford account when no balance was owed." (ECF No. 4 at 4). In 2020 and 2021 Plaintiff sent letters to the CRAs disputing the debt. Many of those letters attached a one-page Order of Dismissal from the Dekalb County, Indiana, Superior Court in *Ford Motor Credit Company, LLC v. Angela R. McLimans*, Cause No. 17D01-1811-CC-449. That order states, in its entirety:

**ORDER OF DISMISSAL**

Comes now the Plaintiff, by counsel, and moves that the above-captioned matter be dismissed, with prejudice. And the Court having reviewed said Motion, finds it to be just and proper.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the above-captioned matter is hereby dismissed with prejudice.

Date: 6/4/19

Kevin Wallace
Judge, DeKalb County Superior Court 1

(ECF No. 56-4 at 4) ("Dismissal Order"). Plaintiff's position is that the Dismissal Order extinguished her debt, and that Defendants have violated the Fair Credit Reporting Act ("FCRA") by continuing to report the debt as owed.

After the pleadings closed, Defendants moved for judgment. (ECF No. 55). The Court granted that motion. (ECF No. 80). The Court reasoned that Plaintiff's credit report showing the debt to Ford was not inaccurate or misleading because, while the Dismissal Order likely ended Ford's ability to collect the debt via judicial means, the debt was still owed. Plaintiff could not show an inaccuracy—an essential element to a FCRA claim—so judgment in Defendant's favor was appropriate. (*Id*. at 3-5).

Plaintiff moved the Court to reconsider its entry of judgment. (ECF No. 83). After briefing on Plaintiff's motion was complete, the Seventh Circuit decided *Chaitoff*. In that case, Chaitoff fell behind on his mortgage after losing his job. He agreed to a Trial Period Plan ("TPP") with his mortgage servicer, Ocwen, under which he would make three reduced payments and his mortgage would be brought current. Those payments were in May, June, and July 2017. But under the TPP, the payments in those months would be credited against the three oldest delinquencies rather than toward those months' mortgage balance. Chaitoff successfully made the payments, and his loan was modified.

2

Chaitoff later sought a mortgage to buy a different home but was denied. He obtained a copy of his credit report which showed that he was delinquent on his mortgage until August 2017—when the modification under the TPP occurred. Chaitoff challenged the report, sending a copy of the TPP offer letter to the CRA. The CRA confirmed the debt with Ocwen and stood by the report. Chaitoff then sued under the FCRA. The district court granted summary judgment to the CRA, reasoning that the report was not inaccurate and that, even if it were, Chaitoff's complaints addressed a legal inaccuracy.

The Seventh Circuit first addressed the accuracy of reporting Chaitoff's mortgage as delinquent in May, June, and July 2017. It quickly concluded that the report was accurate.

> Although Chaitoff may have sent Ocwen payments in each of May, June, and July 2017, those payments were applied to earlier delinquent months in accordance with the TPP's terms. Experian's reporting of those three months as delinquent was accurate beyond any doubt. The district court recognized as much, and we agree.

*Chaitoff*, 79 F.4th at 811.

Where the Seventh Circuit parted ways with the district court was whether the TPP should have been included in the credit report. Resolving an unanswered question in this Circuit, the appellate court found that "[a] credit report is inaccurate under § 1681e(b) and § 1681i(a) if it omits accurate information that could reasonably be expected to adversely affect a consumer's creditworthiness." *Id*. at 812. Because the Seventh Circuit found that the omission of the TPP affected Chaitoff's creditworthiness, and because it concluded that the TPP's existence was a factual issue, the appellate court found that the CRA was not entitled to summary judgment on whether it had conducted a reasonable investigation into Chaitoff's alleged errors. *Id*. at 822.

The Court found that *Chaitoff* applied.

> Plaintiff took out a loan that she did not repay. Reporting that fact is "accurate beyond any doubt." But the Dismissal Order undeniably provides context. Its inclusion or omission may affect a lender's credit decision. And the existence of

3

> the Dismissal Order is purely factual. Under *Chaitoff*, that is enough for Plaintiff to proceed on her FCRA claim.

(ECF No. 94 at 4). So the Court granted the motion to reconsider and vacated the judgment for Defendants. (*Id*. at 5). It is this decision that Defendants challenge.

## II.     Legal Analysis

### A.     *Motion to Reconsider Standard*

A Rule 59(e) motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). A motion to reconsider "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). This Court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

### B.     *Defendants have Failed to Show a Manifest Error of Law in Applying* **Chaitoff**

As the Court sees it, whether *Chaitoff* applies turns on one question: would the addition of the Dismissal Order to Plaintiff's credit report affect Plaintiff's creditworthiness? Defendants argue that it wouldn't because the debt is still owed. (ECF No. 98 at 7). Plaintiff argues that it would because "the fact that this past due debt is not actionable, and effectively immune to legal collection, . . . must likewise be (and is) material." (ECF No. 101 at 6).

The Court believes this is a factual issue[1], one that it cannot resolve now. The Court is not a lender. It does not know whether a lender would make a different decision about Plaintiff's creditworthiness based on the existence, or not, of the Dismissal Order. And while both parties have presented their arguments on the issue, neither has given the Court any evidence. Any determination by the Court would be little more than a guess, based on one party's say-so. Granting a judgment on the pleadings based on such a guess would be inappropriate. *Ruebe v. PartnerRe Ireland Ins. DAC*, 470 F. Supp. 3d 829, 843 (N.D. Ill. 2020) ("a motion for judgment on the pleadings is not the time to resolve factual disputes").

### III.   Conclusion

For these reasons, Defendants' motion to reconsider (ECF No. 98) is DENIED.

SO ORDERED on April 3, 2024.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

---

[1] The Court rejects Defendants' argument that referring to the Dismissal Order in Plaintiff's credit report would require "application of law to fact." (ECF No. 98 at 8). Just as in *Chaitoff*, the existence of the Dismissal Order is a factual matter. *Chaitoff*, 79 F.4th at 814 ("The existence of a TPP is a factual, not legal, question within the competency of a CRA to identify and correct.").